Filed 3/30/22  In re A.R. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.R., A Person Coming Under the Juvenile Court Law. | B314282 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 21CCJP02557A) |
| Plaintiff and Respondent, | |
| v. | |
| E.R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Juvenile Court Referee.  Affirmed.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Father E.R. appeals the juvenile court's jurisdictional and dispositional order concerning his son, A.R., arguing the Los Angeles County Department of Children and Family Services (Department) made an inadequate inquiry under the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.).  We affirm.

### BACKGROUND AND DISCUSSION

On May 27, 2021, A.R. was detained from mother and father and placed with maternal uncle and his wife.  The record does not show that maternal uncle was asked whether his family had Indian ancestry.  At the detention hearing on June 2, 2021, mother and father filed parental notification of Indian status forms (ICWA–020) denying that they, A.R., or any lineal ancestor "is" or "may" be eligible for tribal membership.  The court did not ask mother and father, who were present at the hearing, whether there was any reason to know A.R. was an Indian child.  A Department report shows that mother and father again denied any Indian ancestry on June 30, 2021.

At the combined jurisdictional and dispositional hearing, the court declared A.R. a dependent and removed him from mother and father.  While this appeal was pending, the court returned A.R. to his parents' custody.  (We take judicial notice of the January 19, 2022 order on our own motion, and grant father's request that we take judicial notice of another order that A.R. remained a dependent of the court.)

Congress enacted ICWA " 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8.)  Welfare and Institutions Code section 224.2 imposes on the juvenile court and the Department "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child . . . ." (*Id.*, subd. (a).)  "If a child is placed into the temporary custody of a county welfare department[, the department] has a duty to inquire whether that child is an Indian child[, including] asking the child, parents, . . . extended family

2

members, [and] others" whether the child is or may be an Indian child.  (*Id.*, subd. (b).)  Moreover, "[a]t the first appearance in court of each party, the court shall ask each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child."  (*Id.*, subd. (c).)  Further inquiry is required if there is a reason to believe a child may be an Indian child.  (*Id.*, subd. (e).)  The adequacy of the ICWA inquiry is reviewed for sufficiency of the evidence, and the harmless error rule applies on appeal.  (*In re S.B.* (2005) 130 Cal.App.4th 1148, 1160–1162.)

Father claims the Department and juvenile court made an inadequate inquiry because maternal uncle was not asked about any possible Indian ancestry, and the court never asked the parents if there was a reason to believe A.R. was an Indian child, relying instead on the parents' ICWA forms.  Any alleged error was necessarily harmless.  Mother and father denied Indian ancestry.  There is no reason to believe that if the court had posed the question differently than it was phrased on the ICWA form, or if inquiry had been made of maternal uncle, there would have been reason to know A.R. has Indian heritage.  A.R. has been returned to the custody of his parents.  Nevertheless, to ensure the finality of these proceedings, the juvenile court should direct the Department to ask maternal uncle about any possible Indian ancestry, and make any further inquiry that is required.

### DISPOSITION

The jurisdictional and dispositional order is affirmed.


GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.        HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3